IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 17 PM 7: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

NATHANIEL M. COSTLEY, SR., *et al.*,

    *Plaintiffs*,

    v.

BANK OF AMERICA, N.A., *et al.*,

    *Defendants*.

Civil Action No.: ELH-13-2488

## MEMORANDUM

This Memorandum resolves a post-judgment motion to alter or amend.

In 2013, plaintiffs Nathaniel M. Costley, Sr. and the Estate of Mary Jane Costley (the "Estate") initiated suit against defendants Bank of America, N.A., Individually and as Successor By Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BANA"); Nationstar Mortgage, LLC ("Nationstar"); and Green Tree Servicing, LLC, predecessor to Ditech Financial, LLC ("Ditech"). *See* ECF 1 ("Complaint"); *see also* ECF 79 ("Second Amended Complaint"). The suit was rooted in two loans obtained by Ms. Costley with respect to residential property located in Westminster, Maryland. ECF 79, ¶ 22; ECF 119-1 at 3; ECF 119-1 at 5. At the time of Ms. Costley's death in 2009, BANA was servicing both loans. ECF 79, ¶ 21; ECF 119-1 at 5. In the Second Amended Complaint, plaintiffs sought damages based on claims of fraud, conversion, breach of contract, violation of the Truth In Lending Act ("TILA"), codified at 15 U.S.C. §§ 1601, *et seq.*, and violation of the Fair Debt Collections Practices Act ("FDCPA"), codified at 15 U.S.C. §§ 1692, *et seq.*

On May 5, 2017, Judge J. Frederick Motz, to whom the case was then assigned, granted the motion for summary judgment (ECF 118) filed by Ditech. *See* ECF 129 (Memorandum signed May 5, 2017); ECF 130 (Order signed May 5, 2017). On October 19, 2017, the case was reassigned from Judge Motz to me. *See* Docket.[1] By Memorandum Opinion (ECF 131) and Order (ECF 132) of November 20, 2017, I granted the motion for summary judgment filed by BANA and Nationstar (ECF 119), and directed the Clerk to close the case. *See* ECF 132.

On December 18, 2017, Mr. Costley filed a "Motion to Stay And Set Aside Judgment And Order Pending Appeal" (ECF 133, "Motion to Stay"). And, on that same date, on behalf of himself and the Estate, Mr. Costley filed a "Verified Motion to Alter Or Amend Judgment Granting Defendants', Bank of America, N.A. And Nationstar Mortgage, LLC's Motion For Summary Judgment . . . ." *See* ECF 134 ("Motion").[2] BANA and Nationstar oppose the Motion. *See* ECF 135. Mr. Costley has not filed a reply, and the time to do so has expired. *See* Local Rule 105.2.a. Additionally, BANA and Nationstar have not filed an opposition to the Motion to Stay, and their time to do so has expired. *See id.*

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than filings drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89,

---

[1] Initially, plaintiffs were self-represented. However, Judge Motz appointed pro bono counsel for plaintiffs. *See* ECF 23. In the Motion for Reconsideration, Mr. Costley states that pro bono counsel, Robert Park, is no longer representing plaintiffs. ECF 134 at 1 n.1. But, Mr. Costley notes that Mr. Park "provided [Mr. Costley] with assistance in the drafting of this Motion." *Id.*

[2] Notably, Local Rule 101.1.a states: "Individuals who are parties in civil cases may only represent themselves. . . . All parties other than individuals must be represented by counsel." As indicated, the Motion was filed by Mr. Costley on behalf of himself and the Estate of Mary Jane Costley. *See* ECF 134. Because Mr. Costley is pro se, pursuant to Local Rule 101.1.a, he may not represent the Estate.

94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall deny the motions.

## Discussion

### A.

As indicated, Mr. Costley has filed a Motion to Stay. *See* ECF 133. He seems to be of the view that it is necessary to stay the case in this Court in order for him to pursue his appeal.

In the Motion to Stay (ECF 133), Mr. Costley states, *id.* at 1:

1. Plaintiff is in the process of seeking reconsideration from this Court and will file an Appeal to the Fourth Circuit should the outcome remain unchanged.
2. The Appeal will be done timely and not prejudice defendants.
3. The Appeal is not frivolous and being done in the interest of justice.
4. Plaintiff will suffer more damages and injuries should this Court not Grant Plaintiff's Motion.

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). But, that discretion is not without limits. *In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687 (Fed. Cir. 2010). But, a court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255; *see also United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.").

In order to issue a stay, a court must be satisfied that a "pressing need" exists, and that "the need for a stay outweighs any possible harm to the nonmovant." *Elite Const. Team, Inc. v. Wal-Mart Stores, Inc.*, JKB-14-2358, 2015 WL 925927, at *3 (D. Md. Mar. 2, 2015). The Motion to Stay identifies no pressing need justifying a stay. Therefore, the Motion to Stay (ECF 133) shall be denied.

**B.**

In the Motion (ECF 134), filed pursuant to "Fed. Rule Civ. P. 59(e)(3)," Mr. Costley asks the Court to reconsider its ruling of November 20, 2017, granting summary judgment in favor of BANA and Nationstar. *See* ECF 132. However, the Federal Rules of Civil Procedure do not contain a Rule 59(e)(3). Construing Mr. Costley's Motion liberally, as I must, I am satisfied that he has filed the Motion pursuant to Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states, *id.*: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Memorandum Opinion (ECF 131) and Order (ECF 132) were docketed on November 20, 2017. Mr. Costley filed the Motion (ECF 134) on December 18, 2017. Accordingly, the Motion was timely filed, pursuant to Fed. R. Civ. P. 59(e).

There are three grounds for granting a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or to prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)); *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

Notably, a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 WRIGHT & MILLER, § 2810.1 (2d ed. 1995)). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 WRIGHT & MILLER, § 2810.1 (2d ed. 1995)).

Mr. Costley has not identified any intervening change in the law to support his motion. *See* ECF 134. But, he does provide new evidence, in the form of the Affidavit of Pamela Allen (ECF 134-3 at 1-3), dated December 18, 2017. *Id.* at 3. In the Affidavit, Ms. Allen identifies herself as the daughter of Mary Jane Costley and the former "Personal Representative of the Estate of Mary Jane Costley prior to Nathaniel M. Costley Sr. (Mr. Costley) being appointed." *Id.* ¶¶ 2, 4. Additionally, Ms. Allen states that Mr. Costley, her nephew (*id.* ¶ 7), "stayed in contact with [Ms. Allen] concerning this case." *Id.* ¶ 9. Notably, she maintains that Mary Jane Costley never received the disputed loan proceeds. *Id.* ¶ 8.

However, and critically, there is no indication that Mr. Costley was previously unable to secure the Affidavit of Ms. Allen. Indeed, the text of the Affidavit suggests otherwise. Accordingly, the Affidavit of Ms. Allen is not new evidence that was previously unavailable, and thus it provides no basis for reconsideration. *See United States ex rel. Becker*, 305 F.3d at 290.

Additionally, Mr. Costley has submitted several exhibits that were not included with plaintiffs' opposition (ECF 126) to the summary judgment motion filed by BANA and Nationstar (ECF 119). *See* ECF 134-3 at 4-6 (a "Schedule B Small Estate – Assets and Debts of the Decedent" Form, signed by Ms. Allen on March 30, 2010); ECF 134-3 at 7 (a Maryland Department of Assessments and Taxation "Real Property Data Search" print-out, dated March 24, 2010); ECF 134-3 at 8 (a Maryland Motor Vehicle Administration Registration Certificate for a "Toyota" registered to Mary Jane Costley, with an expiration date of March 31, 2011,); ECF 134-3 at 9-10 (a print-out of the Kelly Blue Book estimated value of a 2001 Toyota Echo Sedan, dated March 30, 2010); ECF 134-3 at 11-12 (a "Consent to Appointment of Personal Representative" Form, signed by Ms. Allen on August 6, 2013); ECF 134-4 at 1-2 (a letter from BAC Home Loan Servicing, LP to Mary Jane Costley, dated March 1, 2011); ECF 134-5 (a

receipt for funeral expenses signed, *inter alia*, by Ms. Allen on December 16, 2009); ECF 134-6 (a "List of Interested Persons" as to the Estate, signed by Ms. Allen on March 30, 2010). These exhibits are related to the averments of Ms. Allen in her Affidavit. *See* ECF 134-3 at 1-3. Again, there is no indication that Mr. Costley was previously unable to provide the Court with these exhibits. *See* ECF 134. *See United States ex rel. Becker*, 305 F.3d at 290.

In the Motion, Mr. Costley also seems to assert a claim of equitable estoppel. *See, e.g.,* ECF 134 at 3. However, the Second Amended Complaint did not raise a claim of equitable estoppel. *See* ECF 79. Nor was equitable estoppel raised in the opposition (ECF 126) to the summary judgment motion filed by BANA and Nationstar (ECF 119).

And, to the extent the Motion rehashes earlier arguments raised by plaintiffs in opposition to the summary judgment motion, such arguments do not provide a basis to reconsider the Memorandum Opinion (ECF 131) and Order (ECF 132) of November 20, 2017. *See Pac. Ins. Co.*, 148 F.3d at 403; *see also* WRIGHT & MILLER § 2810.1.

Accordingly, I shall deny the Motion (ECF 134). An Order follows.


Date: May 17, 2018                              /s/
                                   _____
                                   Ellen Lipton Hollander
                                   United States District Judge